UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| MATTHEW A. SMITH, | Case No. 2:14-cv-01330-JAD-PAL |
| Plaintiff, | ORDER |
| v. | (IFP App – Dkt. #1) |
| DEVRY KELLER SCHOOL OF MANAGEMENT, | |
| Defendant. | |

This matter is before the court on Plaintiff Matthew A. Smith's Application to Proceed In Forma Pauperis (Dkt. #1). Plaintiff is proceeding in this action pro se, has requested authority pursuant to 28 U.S.C. § 1915 to proceed in forma pauperis, and submitted a complaint. This matter was referred to the undersigned pursuant to the provisions of 28 U.S.C. § 636(b)(1)(A) and (B) and Local Rules IB 1-3 and 1-4.

**I.     In Forma Pauperis Application (Dkt. #1).**

Plaintiff has submitted the affidavit required by § 1915(a) showing that he is unable to prepay fees and costs or give security for them. Accordingly, his request to proceed in forma pauperis will be granted pursuant to 28 U.S.C. § 1915(a). The court will now review Plaintiff's complaint.

**II.    Screening the Complaint**

Upon granting a request to proceed in forma pauperis, a court must additionally screen a complaint pursuant to § 1915(a). Federal courts are given the authority dismiss a case if the action is legally "frivolous or malicious," fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.  28 U.S.C.

§1915(e)(2). When a court dismisses a complaint under § 1915(a), the plaintiff should be given leave to amend the complaint with directions as to curing its deficiencies, unless it is clear from the face of the complaint that the deficiencies could not be cured by amendment. *See Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

Rule 12(b)(6) of the Federal Rules of Civil Procedure provides for dismissal of a complaint for failure to state a claim upon which relief can be granted. Review under Rule 12(b)(6) is essentially a ruling on a question of law. *See Chappel v. Laboratory Corp. of America*, 232 F.3d 719, 723 (9th Cir. 2000). A properly pled complaint must provide a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2); *Bell Atlantic Corp. v. Twombley*, 550 U.S. 544, 555 (2007). Although Rule 8 does not require detailed factual allegations, it demands "more than labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). The court must accept as true all well-pled factual allegations contained in the complaint, but the same requirement does not apply to legal conclusions. *Id.* Mere recitals of the elements of a cause of action, supported only by conclusory allegations, do not suffice. *Id.* at 679-80. Secondly, where the claims in the complaint have not crossed the line from plausible to conceivable, the complaint should be dismissed. *Twombly,* 550 U.S. at 570.

In addition, Rule 8 of the Federal Rules of Civil Procedure requires that a complaint contain "a short and plain statement" of: (a) the grounds for the court's jurisdiction; (b) the claim showing the plaintiff is entitled to relief; and (c) a demand for relief. Furthermore, Rule 8(d)(1) provides that each allegation must be "simple, concise, and direct." Taken together Rule 8(a) and 8(d)(1) emphasize the requirement for clarity and brevity in pleading imposed by the Federal Rules of Civil Procedure. Unnecessarily long, vague, or unintelligible pleadings, therefore, violate Rule 8. The complaint must set forth who is being sued, for what relief, and on what grounds with enough detail to guide discovery. *See, e.g., McHenry v. Renne,* 84 F.3d 1172, 1178 (9th Cir. 1995). When a plaintiff brings multiple claims against a single defendant, the complaint should identify which factual allegations give rise to each particular claim. *Id.*

1    Plaintiff submitted an "amended complaint" which lines through the type-written district
2 in which the complaint appears to have been originally filed and has handwritten in "District of
3 Nevada." The complaint is largely unintelligible. Plaintiff states he is a citizen and resident of
4 Colorado, and Defendant is a corporate organization "with offices formerly located in the State
5 of Nevada who presently resides" in Oakbrook, Illinois. The amended complaint attempts to
6 state claims against Devry Keller Graduate School of Management. It appears Plaintiff was
7 enrolled at Devry as a student or employed there in some capacity, and he believes Devry
8 breached one or more contracts with him or was negligent in some way. The complaint is
9 difficult to follow and does not allege facts sufficient to state a claim upon which relief can be
10 granted. He asserts seven claims for relief asking "the court to recognize he was wrongfully
11 reviewed" by the Devry Institutional Appeal according to various academic contracts and the
12 Americans with Disabilities Act. Under a section entitled "Damages" he claims to assert both
13 state and federal law tort claims for "negligent, intentional, economic, quasi." The document
14 contains an Illinois prayer for relief. Plaintiff has simply not stated an intelligible claim or the
15 basis for this court's jurisdiction. The complaint asserts that venue is proper in the United States
16 District of Colorado, and contains a prayer for "Illinois relief."

17    Federal courts are courts of limited jurisdiction and possess only that power authorized
18 by the Constitution and statute. *See Rasul v. Bush*, 542 U.S. 466, 489 (2004). Generally,
19 contract and negligence claims are matters of state law. Plaintiff has not alleged federal
20 jurisdiction exists in this case. Although the amended complaint mentions the Americans with
21 Disability Act in passing, it does not assert a basis for federal question jurisdiction pursuant to 28
22 U.S.C. § 1331. Plaintiff has also not pled a basis for diversity jurisdiction under 28 U.S.C.
23 § 1332. Plaintiff claims he is a citizen and resident of Colorado, and the Defendant is a
24 corporation "with offices formerly located in the State of Nevada" who "resides" in Oakbrook,
25 Illinois. Plaintiff's complaint will be dismissed with leave to amend.

26    If Plaintiff elects to proceed in this action by filing an amended complaint, he is advised
27 that he should specifically identify each Defendant to the best of his ability, clarify what
28 constitutional or other right he believes each Defendant has violated and support each claim with

factual allegations about each Defendant's actions. Plaintiff's claims must be set forth in short and plain terms, simply, concisely and directly. *See Swierkeiewicz v. Sorema N.A.*, 534 U.S. 506, 514 (2002); Fed. R. Civ. P. 8. Plaintiff must also meet his burden of establishing that this court has subject matter and personal jurisdiction over this action.

Plaintiff is also informed that the court cannot refer to a prior pleading in order to make an amended complaint complete. Local Rule 15-1 requires that an amended complaint be complete in itself without reference to any prior pleading. This is because, as a general rule, an amended complaint supersedes the original complaint. *See Loux v. Rhay*, 375 F.2d 55, 57 (9th Cir. 1967). Once plaintiff files an amended complaint, the original pleading no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

For all of these reasons,

**IT IS ORDERED:**

1. Plaintiff's request to proceed in forma pauperis is GRANTED. Plaintiff shall not be required to pay the filing fee of four hundred dollars.

2. Plaintiff is permitted to maintain this action to conclusion without the necessity of prepayment of any additional fees or costs or the giving of a security therefor. This Order granting leave to proceed in forma pauperis shall not extend to the issuance of subpoenas at government expense.

3. The Clerk of the Court shall file the Complaint but shall not issue summons.

4. Plaintiff's Complaint is DISMISSED with leave to amend. Plaintiff shall have until **January 29, 2015,** to file an amended complaint, if he believes he can correct the noted deficiencies. The amended complaint must be a complete document in and of itself, and will supersede the original complaint in its entirety. Any allegations, parties, or requests for relief from prior papers that are not carried forward in the amended complaint will no longer be before the court. Plaintiff shall clearly title the amended complaint as such by placing the words "FIRST AMENDED COMPLAINT" on page 1 in the caption, and Plaintiff

shall place the case number 2:14-cv-01330-JAD-PAL above the words "FIRST AMENDED COMPLAINT."

5. Plaintiff is expressly cautioned that if he does not timely file an amended complaint in compliance with this order, this case may be immediately dismissed.

Dated this 29th day of December, 2014.

_____
PEGGY A. LEEN
UNITED STATES MAGISTRATE JUDGE